DOWNEY, Judge.
Appellee Bonnie Easterling sold a mobile home to appellant Sandra Brennan for $10,-500.00, $5,000.00 in cash and the balance to be paid approximately four months later. Although she was not required to do so by the contract, appellant obtained a $12,-000.00 fire insurance policy with appellee Insurance Company of Florida, which showed Easterling as a lienholder. Unbeknown to Brennan, Easterling also obtained a fire insurance policy on the mobile home with American Fidelity Fire Insurance Company. Prior to the date of final payment the mobile home and contents were destroyed by fire. American Fidelity paid Easterling $5,000.00 on her policy.
Brennan claimed the full amount of the policy from Insurance Company of Florida (hereafter referred to as ICF) and, upon its refusal to pay, Brennan sued both ICF and Easterling, claiming the entire policy proceeds. After some negotiations, ICF and Brennan entered into a settlement agreement whereby ICF would pay Brennan $10,000.00 and Brennan would dismiss her claim against ICF with prejudice. However, before paying the sum to Brennan, ICF filed a motion stating that there was an ongoing dispute between Brennan and Easterling and requesting the court to order the proceeds of the settlement paid into the court registry so Brennan and Easter-ling could litigate their claim; then ICF would be released by Brennan and be dismissed with prejudice from the action. From the court’s final summary judgment for ICF granting ICF the relief it asked for in that motion Brennan perfected this appeal.
Brennan contends that she had an agreement with ICF that the $10,000.00 be paid directly to her and that ICF breached that agreement by prevailing upon the court to direct it to pay the money into the court registry. Brennan further maintains that ICF knew of Easterling’s claim when it entered into the agreement.
On the other hand, ICF contends it did not know of Easterling’s claim until after the agreement was concluded. When it learned of that claim it appeared to ICF that the proper procedure would be to place the funds in the court registry and let the court resolve any dispute between Brennan and Easterling.
It seems to us that ICF was charged with knowledge of Easterling’s claim prior to entering into the agreement with Brennan. The ICF policy, which was the subject matter of the lawsuit, showed Easterling as a lienholder. In addition, Brennan made Easterling a party defendant in the suit and alleged in the complaint that although Easterling recovered $5,000.00 from American Fidelity Easterling also claimed she was entitled to part of the proceeds from the ICF policy. Thus, it appears that ICF entered into an agreement to pay Brennan $10,000.00 in settlement of Brennan’s claim against it with knowledge of Easterling’s claim. Accordingly, there was no justification for asking the court to require the proceeds to be paid into the court registry. Having made the agreement with Brennan, ICF had to deal with Easterling separately.
In view of the foregoing, we hold the trial court erred in requiring the proceeds of the settlement to be paid into the registry of the court rather than to Brennan. Accordingly, the final summary judgment appealed from is reversed and this cause is remanded with directions to enter judgment for appellant in the amount of $10,-000.00.
REVERSED AND REMANDED, with directions.
HERSEY and GLICKSTEIN, JJ., concur.